**In the Matter of Stanley D. LYTAL.**

**No. 382S115.**

Supreme Court of Indiana.

Feb. 11, 1983.

No appearance for respondent.

Thomas J. Opsut, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## PER CURIAM.

This disciplinary matter is before the Court on a three-count Verified Complaint for Disciplinary Action filed by the Disciplinary Commission of the Indiana Supreme Court. The appointed hearing officer has heard the case and has submitted his Findings of Fact and Conclusions of Law. The Respondent has failed to appear in person or by counsel throughout this proceeding.

We have examined the findings and all other matters presented in this cause and now conclude that the Respondent, Stanley D. Lytal, is an attorney at law heretofore admitted to the Bar of the State of Indiana on September 25, 1968.

In November, 1974, the Respondent was retained by Foremost Insurance Company to pursue their subrogation interest arising out of a fire loss to the home of their insured, Paul and Elaine Winhoven. The Respondent accepted the employment on a one-third (⅓) contingency fee basis. The case was settled for $5,500 and, by the terms of the fee agreement, the Respondent was to receive $1,833.33 of the settlement. The remaining money was to be distributed as follows: The Winhovens were to receive $1,000 and Foremost was to receive $2,666.67.

On March 9, 1979, the Winhovens and Foremost executed a release pursuant to the settlement and in April, 1979, the full settlement of $5,500 was delivered to the Respondent in the form of three checks from the three contributing defendant parties. The checks were endorsed with the signature of the insured and the Respondent.

On April 10, 1979, the three checks totalling $5,500 were deposited in Respondent's office checking account. By August 20, 1979, the account was depleated below a balance of $5,500 and by December 7, 1979, the balance $21.35.

Foremost sent numerous letters to the Respondent requesting him to distribute the settlement funds. He failed to answer any of the letters and failed to deliver the money. After May 21, 1980, Foremost has been unable to locate the Respondent.

Respondent's misconduct, as set out above, involves dishonesty, is prejudicial to the administration of justice and adversely reflects on his fitness to practice law in violation of Disciplinary Rules 1–102(A)(4), (5) and (6). By this conduct the Respondent intentionally caused damage to his client during the course of the professional relationship in violation of Disciplinary Rule 7–101(A)(3). He commingled and failed to pay over his clients' funds, in violation of Disciplinary Rules 9–102(A) and (B)(4) of the *Code of Professional Responsibility for Attorneys at Law.*

Under Count II of the Complaint, we find that in March, 1977, Mrs. Lloyd Osborne retained the Respondent to initiate a personal injury action on behalf of her son. The Respondent accepted the employment on the basis of forty percent (40%) contingency fee. He filed suit in December, 1977, against Michael Miller and Julia Konkle. Thereafter, he advised his client that Konkle's insurance carrier had offered to settle the case for $500. Mrs. Osborne advised the Respondent that the settlement was acceptable. The Respondent assured Mrs. Osborne that he could obtain a larger amount and did not accept the settlement. There-

after, on October 20, 1980, the trial court granted Konkle's Motion for Summary Judgment. The Respondent failed to appear for a scheduled pre-trial conference on June 19, 1981, and on June 27, 1981, he failed to appear at a hearing on defendant Miller's Motion to Dismiss which was granted. By the foregoing conduct the Respondent neglected a legal matter entrusted to him, failed to seek the lawful objectives of his client and engaged in conduct prejudicial to the administration of justice that adversely reflects on his fitness to practice law. This conduct is violative of Disciplinary Rules 6–101(A)(3), 7–101(A)(1) and 1–102(A)(5) and (6) of the *Code of Professional Responsibility for Attorneys at Law.*

Under the charges of Count III of the Complaint, we find that on May 19, 1981, Lova M. Brady retained the Respondent to file a defamation suit against three defendants. She wrote a check for $142 to the Respondent as a retainer and for filing fees. The Respondent cashed the check but failed to file a lawsuit or take any action on Brady's behalf. Brady has not heard from the Respondent or been able to locate him since May 19, 1981. By the foregoing conduct the Respondent once again violated Disciplinary Rules 7–101(A), 6–101(A)(3) and 1–102(A)(5) and (6).

The findings in this cause establish a pattern of misconduct demonstrating the abandonment of professional responsibility. Respondent neglected his clients, misrepresented himself, and through the course of his professional representation, brought harm to those individuals he was obligated to serve. Demonstrating the lowest level of professional representation, the Respondent additionally misused funds belonging to his clients and refused to return fees which were not earned. By engaging in this misconduct, the Respondent betrayed his clients, the public, and the integrity of the legal profession.

In light of our findings, this Court must conclude that in order to preserve the integrity of the profession and in order to safeguard the public from further acts of misconduct of this nature, the most severe professional sanction must be imposed. It is accordingly ordered that, by reason of the misconduct found under this cause, the Respondent be and he hereby is disbarred as an attorney before the Bar of this State.

Costs of these proceedings are assessed against the Respondent.